IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>Ramon Ruiz-Gonzalez,<br><br>        Defendant/Movant. | No. CIV 10-2792-PHX-NVW (DKD)<br>CR 09-1283-PHX-NVW<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

      Ramon Ruiz-Gonzalez filed a timely Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction following a guilty plea for illegal reentry in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(1), and the imposition of a 46-month prison term, followed by three years of supervised release. Ruiz-Gonzalez raises six grounds in his motion: (1) the district court failed to comply with the federal rules and the constitution during the arraignment, resulting in reversible error in the guilty plea proceedings; (2) his sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a); (3) the sentencing court erred and Ruiz-Gonzalez unknowingly and involuntarily waived his right to appeal as part of the plea agreement; (4) his ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien were significant mitigating factors that should have been considered by the sentencing court; (5) the sentence imposed

was unreasonable; and (6) the district court erred in concluding that Ruiz-Gonzalez's prior conviction was an aggravated felony. The government contends that Ruiz-Gonzalez expressly waived his right to file the motion as part of the plea agreement, and that the claims are without merit. The Court agrees that the right to file a § 2255 motion was expressly waived, and that the only ground possibly not subject to the waiver is without merit, and recommends that the motion be denied.

Pursuant to the "fast track" plea agreement, Ruiz-Gonzalez admitted that he was convicted of possession of dangerous drugs for sale, resulting in a sentencing guideline range of 46-57 months. Ruiz requested that he be sentenced to 46 months, the low end of the guideline range (Doc. 5, Exh A, RT 1/26/2010 at 7-8). The district court granted his request (*Id*. at 12). As part of the agreement, Ruiz-Gonzalez waived "any right to file an appeal, any collateral attack, or any other writ or motion that challenges the conviction, the Court's entry of judgment against defendant, or the imposition of sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. § 2241 and 2255" (CR 09-1283-NVW, Doc. 21 at 4). He acknowledged in writing that "this wavier shall result in the dismissal of any appeal or collateral attack, or other motion the defendant might file challenging the conviction or sentence in this case" (*Id*.). He also acknowledged this orally to the magistrate judge during the change of plea proceedings (Doc. 5, Exh B at 15).

A defendant may specifically waive the right to file a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). In addition, the Government concedes that the Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could waive certain claims of ineffective assistance of counsel brought pursuant to a § 2255 motion,

notwithstanding an express plea waiver that covered all of a defendant's waivable statutory rights to file a petition pursuant to § 2255 challenging his conviction or sentence. However, those claims which are not waivable are limited to ones either challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *See United States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United States v. Pruitt*, 32 F.3d at 433.

None of Ruiz-Gonzalez's claims allege the ineffective assistance of counsel. In his third ground, however, he asserts that he "unknowingly and involuntarily waived his right to appeal his sentence as part of the plea agreement." Although he does not implicate counsel in this assertion, he does assert that the reason he did not raise the issue on appeal was "based on ineffective assistance of appellate counsel." Assuming this language is sufficient to raise an unwaivable claim, the claim is nonetheless without merit because the record reflects a knowing and voluntary waiver by Ruiz-Gonzalez. *See* Doc. 5, Exh B at 15.

**IT IS THEREFORE RECOMMENDED** that Ramon Ruiz-Gonzalez's Motion to Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because denial of the motion is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

1  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
2  to appellate review of the findings of fact in an order or judgment entered pursuant to the
3  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
4      DATED this 18th day of May, 2011.

_____
David K. Duncan
United States Magistrate Judge